IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JOSHUA ISAIAH MONEY,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | CASE NO. 5:23-cv-00377-MTT-CHW |
| VS. | : | |
| | : | |
| C.E.R.T Officer ISOM, *et. al.* | : | |
| | : | |
| **Defendant** | : | |

## ORDER

Before the Court is Plaintiff's motion for reconsideration in which he requests that this Court alter or amend the judgment entered in this civil action. ECF No. 8. Plaintiff further requests that he be permitted to amend his complaint post-judgment. *Id*.

Plaintiff filed this 42 U.S.C. § 1983 civil action as a *pro se* prisoner. ECF No. 1. On April 19, 2024, the Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis* and recommended that Plaintiff's complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915A, the Prison Litigation Reform Act, for failure to state a claim. ECF No. 5. Plaintiff was allotted fourteen days to object to the recommendation of dismissal and was provided instructions on how to do so. *Id*. The Court did not receive any objections from the Plaintiff. Over a month later, on May 30, 2024, this Court reviewed the recommendation of the Magistrate Judge and finding no error, dismissed the present action without prejudice. ECF No. 6.

Plaintiff's motion for reconsideration is brought under Fed. R. Civ. P. 59(e). *See*

ECF No. 8.  Rule 59 provides that a motion to alter or amend judgment must be filed within "28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  Plaintiff's motion for reconsideration was docketed more than 28 days post-judgment on July 1, 2024.  ECF No. 8.  However, Plaintiff's motion is dated as signed on June 10, 2024 with a postmark of June 27, 2024.  *Id*.  The prison mailbox rule requires that a *pro se* prisoner's filing be deemed filed on the date it is delivered to prison officials for mailing. Absent evidence to the contrary, the date the prisoner signs the document is considered the date delivered.  *See Daniels v. United States*, 809 F.3d 588 (11th Cir. 2015).  Applying the Prison mailbox rule, this Court finds that Plaintiff's motion for reconsideration is timely for review under Rule 59(e).  This Court will further consider Plaintiff's motion under the Local Rules for the Middle District of Georgia.

The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."  *Daker v. Dozier*, No. 5:17-cv-25 (CAR),

2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (internal quotation marks omitted) (alterations in original); *see also Michael Linet, Inc. v. Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005).  Furthermore, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'"  *Mercer v. Perdue Farms, Inc*., No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker*, 2017 WL 4797522, at *1 (holding same).

Motions for reconsideration under the Local Rules are treated similarly.  In this regard, motions for reconsideration are not to "be filed as a matter of routine practice." M.D. Ga. Local R. 7.6.  Moreover, reconsideration is only appropriate when "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law."  *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F. Supp. 2d 1336 (M.D. Ga. 2013).

Here, Plaintiff alleges that he "filed a motion to amend [his] complaint in which [he] stated [his] opposition to Judge Weigle's Order & Recommendation to dismiss the complaint" in this case on May 13, 2024.  ECF No. 8.  However, there has been no such document filed in this Court.  Nonetheless, Plaintiff has not shown that his "opposition to Judge Weigle's Order & Recommendation" in this document would have rehabilitated the initial allegations in any meaningful way to prevent the dismissal of his complaint.  *See id*.  Plaintiff further complains he has been "deliberately denied … access to legal facilities

[he] need[s] in order to make meaningful documents to the Court, [he's had] no access to 28 U.S.C. 636 (b)(1) & therefore was not able to object in accordance with the statute". *Id*. However, Plaintiff's proffer to this Court that he lacked access to the Courts is without foundation. Indeed, a review of PACER reveals that from April to June 2024, Plaintiff was able to draft and file an amended complaint, notices, declarations, a memorandum, and several motions laden with legal citations in another § 1983 case he had pending in the Southern District of Georgia. *See* ECF Nos. 38, 41, 42, 43, 50, 51, 55, 56, 57, 58, 59, 61, and 62 in 4:23-cv-00243-RSB-CLR, *Money v. Gibbs*. Nonetheless, the lack of receiving in the present civil action any objections under 28 U.S.C. §636(b)(1) or Plaintiff's motion to amend putting forth his "oppositions" to the findings of the Magistrate Judge was not the grounds for dismissing Plaintiff's complaint. Plaintiff's clear failure to state a claim for which relief may be granted was the basis for the dismissal of this civil action. *See* ECF Nos. 5 and 6.

For all the reasons set forth above, this Court finds that Plaintiff raises no argument or claims within his post-judgment motion on new law, newly discovered evidence, or any clear errors of law made by the Court. This Court further finds that Plaintiff has failed to demonstrate any manifest injustice which would warrant this Court to amend its dismissal of Plaintiff's complaint pursuant to § 1915A for failure to state a viable claim. Therefore, Plaintiff has failed to satisfy the standards under Rule 59 or M.D. Ga. Local R. 7.6 for this Court to alter its previous judgment. Accordingly, Plaintiff's motion for reconsideration (ECF No. 8) is **DENIED**.

Plaintiff has further requested that he now be allowed to amend his complaint post-judgment.  ECF No. 8.  Although Federal Rule of Civil Procedure 15 allows parties to amend pleadings, Rule 15 has no application "once the district court has dismissed the complaint and entered final judgment for the defendant."  *Lee v. Alachua Cnty, Fla.*, 461 F. App'x 859, 860 (11th Cir. 2012) (quoting *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344-45 (11th Cir. 2010)).  A plaintiff may seek leave to amend post-judgment only "if he is first granted relief under [Federal Civil Procedure] Rule 59(e) or Rule 60(b)(6)."  *Lee*, 461 F. App'x at 860 (alteration in original) (quoting *Jacobs*, 626 F.3d at 1344-45).  "[T]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation."  *Williams v. Citigroup, Inc.*, 659 F.3d 208, 213 (1st Cir. 2011) (quoting *Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991)).  This Court has denied Plaintiff's motion for reconsideration.  Therefore, Plaintiff's post-judgment request to amend his complaint is also **DENIED**.

In conclusion and for all the reasons stated above, Plaintiff's motion for reconsideration of judgment in this case and request to amend his complaint (ECF No. 8) is **DENIED**.

**SO ORDERED**, this 25th day of July, 2024.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT
